[Cite as *State v. Mason*, 2026-Ohio-3038.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2026-0046 |
|     Plaintiff - Appellee |        CT2026-0045 |
| -vs- | <u>Opinion And Judgment Entry</u> |
| TROY A. MASON, | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2017-0129 |
|     Defendant - Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: August 5, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; TROY A. MASON #738-989, Pro Se, for Defendant-Appellant.

*Baldwin, J.*

{¶1} The appellant, Troy A. Mason, appeals from two judgment entries of the Muskingum County Court of Common Pleas: a March 27, 2026, entry denying his petition to vacate or set aside judgment of conviction or sentence, and an April 10, 2026 entry denying his motion for summary judgment. The appellee is the State of Ohio. The two appeals were consolidated upon request of the appellant.

## STATEMENT OF FACTS AND THE CASE

{¶2} Between July 2014 and December 2016, the appellant was charged and prosecuted in nine misdemeanor cases in the Zanesville Municipal Court under the name of his brother, R.M. Throughout the arrest, booking, and prosecution stages of those cases, the

appellant held himself out as his brother and signed complaints, jail records, affidavits, and guilty plea forms using his brother's name. The appellant subsequently admitted to law enforcement that he had used his brother's identity in this manner, and he was charged with falsification in January 2017.

{¶3} On March 29, 2017, the Muskingum County Grand Jury returned an indictment charging the appellant with eight felony counts of Tampering with Records, in violation of R.C. 2913.42(A)(1), and twenty-five felony counts of Forgery, in violation of R.C. 2913.31(A)(2). The appellant entered pleas of not guilty, and the matter proceeded to a jury trial on August 29, 2017. Prior to the presentation of evidence, the State dismissed Count 30, a forgery count.

{¶4} The jury returned verdicts finding the appellant guilty of twenty-four counts of forgery and eight counts of tampering with records. On September 8, 2017, the appellant filed a post-verdict motion for judgment of acquittal pursuant to Crim.R. 29(C), which the trial court denied by judgment entry filed September 11, 2017.

{¶5} At sentencing, the State and the appellant stipulated to the merger of allied offenses, with each tampering count merging with its corresponding forgery counts. Although the parties jointly recommended an aggregate sentence of five years, the trial court rejected the recommendation and, by entry filed October 10, 2017, imposed eight consecutive eighteen-month terms for an aggregate prison term of twelve years.

{¶6} The appellant filed a direct appeal on November 9, 2017, assigning as error the sufficiency of the evidence supporting his convictions. This Court found the appeal to lack merit and affirmed the judgment of the trial court by decision filed August 17, 2018. *State v. Mason*, 2018-Ohio-3329 (5th Dist.).

{¶7} The appellant then pursued a lengthy series of unsuccessful collateral challenges.

{¶8} On March 23, 2026, the appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence pursuant to R.C. 2953.21. The petition attached the records of the nine underlying Zanesville Municipal Court cases and asserted, as its central premise, that the felony jurisdiction of the court of common pleas was never properly invoked because those records were not themselves presented to the grand jury.

{¶9} The State filed a response on March 26, 2026. By judgment entry filed March 27, 2026, the trial court denied the petition, stating that it had considered the petition and the State's response.

{¶10} On April 6, 2026, the appellant filed a Motion for Summary Judgment pursuant to Civ.R. 56. By judgment entry filed April 10, 2026, the trial court sua sponte denied the motion, stating in its entirety that "Civil Rule 56 has no relevance regarding criminal cases."

{¶11} The appellant filed a notice of appeal from the March 27, 2026, entry on April 20, 2026, docketed as Case No. CT2026-0045, and a notice of appeal from the April 10, 2026, entry on May 4, 2026, docketed as Case No. CT2026-0046. He raises three assignments of error across the two appeals:

{¶12} "I. THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING ON THE APPELLANT'S PETITION TO VACATE OR SET ASIDE THE TRIAL COURT'S JUDGMENT OF CONVICTION OR SENTENCE."

{¶13} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GIVE THE APPELLANT A CHANCE TO FILE A REPLY TO THE

APPELLEE'S RESPONSE TO DEFENDANT'S 2953.21 MOTION PURSUANT TO CIV.R. 6(C)(1)."

{¶14} "III. THE TRIAL COURT ERRED IN FINDING THAT CIV.R. 56 DOES NOT APPLY TO CRIMINAL CASES."

## I.

{¶15} In his first assignment of error, the appellant contends that the trial court was required to conduct an evidentiary hearing on his petition. We disagree.

### STANDARD OF REVIEW

{¶16} A postconviction proceeding is a collateral civil attack on a criminal judgment. *State v. Lenard*, 2020-Ohio-1502, ¶ 8 (8th Dist.), citing *State v. Steffen*, 1994-Ohio-111. A petitioner is not automatically entitled to an evidentiary hearing. Before granting a hearing, the trial court must determine whether the petition, supporting materials, and the files and records of the case demonstrate substantive grounds for relief. R.C. 2953.21(D). We review a trial court's decision denying a postconviction petition without a hearing for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶¶ 52, 58. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, whether a trial court possesses jurisdiction to entertain a petition for postconviction relief is a question of law that we review de novo. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

### ANALYSIS

{¶17} Before addressing the assignment of error, we must determine whether the trial court had jurisdiction to consider the appellant's petition for postconviction relief.

**{¶18}** R.C. 2953.21(A)(2) requires that a petition be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal. The appellant's direct appeal was decided on August 17, 2018, and the transcript was necessarily filed before that date. Because the petition was not filed until March 23, 2026, it was plainly untimely.

**{¶19}** R.C. 2953.23(A) provides that a court "may not entertain" an untimely or a successive petition unless the petitioner satisfies one of the narrow exceptions set out in that division. Those requirements are jurisdictional. *Apanovitch* at ¶ 36. Absent compliance, the trial court lacks jurisdiction to entertain the petition and must dispose of it without reaching the merits.

**{¶20}** The appellant concedes in his brief that "the jurisdictional requirements of R.C. 2953.23(A)(1) have not been met." That concession is dispositive. The trial court lacked jurisdiction to entertain the petition, and a court without jurisdiction to entertain a petition cannot be faulted for declining to conduct a hearing on it.

**{¶21}** The appellant asks us to overlook the jurisdictional requirements by relying on *Lingo v. State*, 2014-Ohio-1052. However, that argument depends on the premise that his judgment of conviction is void. That premise fails.

**{¶22}** A sentence or judgment is void only when the sentencing court lacked subject-matter jurisdiction over the case or personal jurisdiction over the defendant. *State v. Harper*, 2020-Ohio-2913, ¶ 42; *State v. Henderson*, 2020-Ohio-4784, ¶¶ 34-37. Sentencing errors render a judgment voidable and subject to correction only on direct appeal. *Harper* at ¶¶ 4, 26.

**{¶23}** The Muskingum County Court of Common Pleas possessed subject-matter jurisdiction over this case. The general subject-matter jurisdiction of Ohio's courts of common

pleas is conferred by Article IV, Section 4(B) of the Ohio Constitution and defined by statute. With respect to criminal matters, R.C. 2931.03 vests the court of common pleas with original jurisdiction over all crimes and offenses except minor offenses within the exclusive jurisdiction of an inferior court. That jurisdiction is invoked by the return of a proper indictment by the grand jury of the county. *Click v. Eckle*, 174 Ohio St. 88, 89 (1962). The Muskingum County Grand Jury returned such an indictment on March 29, 2017, charging thirty-three felony counts under R.C. 2913.31(A)(2) and R.C. 2913.42(A)(1). Jurisdiction attached upon its return.

{¶24} The municipal court records attached to the petition are the evidence of the offenses charged, not the instrument that invoked the trial court's jurisdiction. Nothing required that those records be presented to the grand jury separately; what the grand jury had to return was an indictment charging felony offenses, and it did.

{¶25} The appellant's reliance on Crim.R. 4.1(B) fails for a similar reason. He observes that one of the nine underlying municipal cases involved a minor misdemeanor carrying no jail time. But the felony degree of his offenses derives from R.C. 2913.31 and R.C. 2913.42, not from the degree of the underlying cases in which the forged records were filed. The character of those cases does not divest the court of common pleas of jurisdiction over the separate felony offenses committed in connection with them. The trial court had jurisdiction over both the appellant and the subject matter, and the judgment of conviction is therefore not void. *Harper* at ¶ 42.

{¶26} Because the trial court lacked jurisdiction to entertain the untimely petition, it was not required to conduct a hearing on it.

{¶27} The appellant's first assignment of error is overruled.

## II.

{¶28} In his second assignment of error, the appellant argues that the trial court erred by failing to give him a chance to file a reply to the State's response pursuant to Civ.R. 6(C)(1). We disagree.

{¶29} Our disposition of the first assignment of error resolves this issue. Because the trial court lacked jurisdiction to entertain the petition, the appellant was not entitled to additional briefing before the court disposed of it. Whatever a reply might have contained, it could not have conferred the jurisdiction the statute withheld. No error occurred.

{¶30} The appellant's second assignment of error is overruled.

## III.

{¶31} In his third assignment of error, the appellant challenges the finding that Civ.R. 56 has no application to his postconviction proceeding. We disagree.

### STANDARD OF REVIEW

{¶32} We review questions concerning the applicability of Civ.R. 56 and the interpretation of the postconviction statutes de novo. An appellate court may affirm a trial court's judgment on grounds different from those relied upon by the trial court when the judgment is legally correct, because a trial court's achievement of the correct result for the wrong reason does not constitute prejudicial error. *State v. Roberts*, 2006-Ohio-5018, ¶ 31.

### ANALYSIS

{¶33} We agree with the appellant that summary judgment is not categorically barred from postconviction proceedings. R.C. 2953.21(E) expressly provides that, within twenty days from the date the issues are raised, either party may move for summary judgment and that the right to summary judgment shall appear on the face of the record. Thus, the trial

court's statement that Civ.R. 56 has no relevance regarding criminal cases was broader than necessary and did not accurately describe a postconviction proceeding, which is civil in nature.

{¶34} That does not, however, entitle the appellant to reversal. The trial court properly denied the motion for reasons apparent from the record.

{¶35} First, and for the reasons set out in our disposition of the first assignment of error, the trial court had no jurisdiction to entertain the underlying petition. A court that may not entertain a petition may not grant summary judgment upon it.

{¶36} Second, by the time the appellant filed his motion on April 6, 2026, there was no pending claim upon which summary judgment could be entered. The trial court denied the petition on March 27, 2026, and that entry resolved the postconviction proceeding. Summary judgment is a mechanism for the adjudication of a live claim on an undisputed record; it is not a vehicle for reopening a claim that has already been decided.

{¶37} Accordingly, the appellant's third assignment of error is overruled.

## CONCLUSION

{¶**38**} Based upon the foregoing, the judgments of the Muskingum County Court of Common Pleas are affirmed.

{¶**39**} Costs to the appellant.

By: Baldwin, J.

Hoffman, P.J. and

Gormley, J. concur.